**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NICOLETTE LOSH,**
Plaintiff,

v.

CASE NO.:

**HAIR CLUB FOR MEN, LLC,**
Foreign Limited Liability Company,
Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NICOLETTE LOSH, ("Losh" or "Plaintiff"), sues Defendant, HAIR CLUB FOR MEN, LLC ("Hair Club" or "Defendant"), and alleges:

**NATURE OF CLAIMS**

1. This is an action under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., (FMLA).

**JURISDICTION AND VENUE**

2. This action arises under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Orlando, Florida.

4. Defendant is a Florida profit corporation with its principal place of business located at 1515 S. Federal Hwy., Ste. 401, Boca Raton, FL 33432 in Palm Beach County, Florida.

5. Plaintiff was employed at Defendant's Maitland location in Orange County. All unlawful employment practices alleged to have occurred and giving rise to the claims herein

took place at Defendant's Maitland location in Orange County, Florida.

6. Venue is proper in the Middle District of Florida, Orlando Division.

## FMLA COVERAGE AND ELIGIBILITY

7. At all times material, Defendant employs 50 or more employees for each working day during each of 20 or more calendar workweeks. Defendant was an employer as defined by the FMLA, 29 U.S.C. §2611(4), and its interpretive regulations, 29 C.F.R. §825.102, §825.104(a) and §825.104(c)(2).

8. At all times material, Plaintiff was employed by Defendant for at least 12 months and for at least 1,250 hours of service with Defendant during the previous 12-month period. Plaintiff is an "Eligible Employee" as defined by the FMLA, 29 U.S.C. 2611(2) and its interpretive regulations, 29 C.F.R. §825.102 and §825.110.

## STATEMENT OF FACTS

9. Defendant Hair Club is a company that provides surgical and non-surgical solutions to individuals experiencing hair loss.

10. Plaintiff was employed by Defendant as General Manager between 2016 and 2018.

11. In December 2017, Plaintiff accepted an offer to transfer from Annapolis, Maryland to Hair Club's Orlando location. Plaintiff served as a General Manager.

12. Plaintiff was diagnosed with breast cancer on October 13, 2017.

13. Plaintiff had surgery to treat her cancer on December 5, 2017, and again on July 6, 2018.

14. Plaintiff took several weeks off using her Family and Medical Leave Act (FMLA) time to undergo and recover from her cancer treatments.

15. In response to her physician's orders, Plaintiff requested an accommodation that involved modified work days with reduced hours. This accommodation was granted in May 2018.

16. Plaintiff was cleared by her doctor to return to work beginning October 1, 2018, without restrictions and she resumed working full-time.

17. Twelve days later, Managing Director Christy Sulli, called Plaintiff to terminate her and explained that the schedule she worked while taking time off under FMLA and the fact that she traveled to Fort Myers on her days off caused a disconnect between her and her employees.

18. Plaintiff was then terminated that day, October 12, 2018.

### COUNT I – Family Medical Leave Act

### (FMLA Retaliation/Discrimination)

19. Plaintiff realleges and incorporates allegations 1-17.

20. Plaintiff availed herself of a protected right under the FMLA when she requested leave for her own serious health condition.

21. Plaintiff engaged in statutorily protected activity when she took FMLA medical leave for her own serious health condition.

22. Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment on October 12, 2018.

23. Plaintiff's termination was causally connected to her availment of a right under the FMLA.

24. Plaintiff has suffered damages as a result of the discrimination/retaliation.

25. Defendant's retaliation/discrimination was willful; furthermore, Defendant's decision to terminate Plaintiff due to her availment of a right under the FMLA was objectively unreasonable per 29 U.S.C. § 2617(a)(1)(A)(iii), which authorizes liquidated damages under such circumstances.

## COUNT II – Family Medical Leave Act

### (Interference with Plaintiff's Exercise of FMLA Rights)

1. Plaintiff realleges and incorporates allegations 1-22.

2. Plaintiff qualified for FMLA for her incapacity due to pregnancy, for her own serious health condition immediately before and following the birth of her child, and to care for a newborn child with a serious health condition.

3. Defendant interfered with Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1) by terminating Plaintiff for using FMLA protected leave.

4. Plaintiff has suffered damages as a result of the Defendant's interference.

5. Defendant's interference was willful; furthermore, Defendant's assertions to Plaintiff regarding her FMLA rights or lack thereof were objectively unreasonable 29 U.S.C. § 2617(a)(1)(A)(iii), which authorizes liquidated damages under such circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief under both Counts I and II:

(a) Lost wages and benefits, including back pay and front pay;

(b) Interest on said lost wages and benefits;

(c) Liquidated damages;

(d) Attorney's fees and costs;

(e) All such other relief as the court deems proper.

Dated: May 2, 2019

    Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Victor R. Bermudez
Fla. Bar No. 1010344
Email: Victor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017